**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

ANA GARITA, on behalf of herself and all
others similarly situated,

                        Plaintiffs,


                  -against-

GC SERVICES LIMITED PARTNERSHIP

                   Defendant.

**CLASS ACTION COMPLAINT**
**AND**
**DEMAND FOR JURY TRIAL**

      Plaintiff  ANA GARITA (hereinafter, "Plaintiff"), a New York resident, brings this class action complaint by and through her attorneys, Cohen & Mizrahi LLP, against Defendant GC SERVICES LIMITED PARTNERSHIP ("Defendant"), individually and on behalf of a class of all others similarly situated, pursuant to Rule 23 of the Federal Rules of Civil Procedure, based upon information and belief of Plaintiff's counsel, except for allegations specifically pertaining to Plaintiff, which are based upon Plaintiff's personal knowledge.

### INTRODUCTION/PRELIMINARY STATEMENT

1. Congress enacted § 1692 *et seq.* of Title 15 of the United States Code, commonly referred to as the Fair Debt Collections Practices Act ("FDCPA") in 1977 in response to the "abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors."  15 U.S.C. § 1692(a).  At that time, Congress was concerned that "abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy."  *Id.*  Congress concluded that "existing laws… [we]re inadequate to protect consumers," and that "the effective collection of debts" does not require "misrepresentation or other abusive debt collection practices." 15 U.S.C. §§ 1692(b) & (c).

2. Congress explained that the purpose of the FDCPA was not only to eliminate abusive debt collection practices, but also to "insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged." *Id.*; § 1692(e). After determining that the existing consumer protection laws were inadequate, Congress gave consumers a private cause of action against debt collectors who fail to comply with the Act. *Id.*; § 1692k.

## JURISDICTION AND VENUE

3. The Court has jurisdiction over this class action under 28 U.S.C. § 1331, 15 U.S.C. § 1692 *et seq.* and 28 U.S.C. § 2201. If applicable, the Court also has pendent jurisdiction over the state law claims in this action pursuant to 28 U.S.C. § 1367(a).

4. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2).

## NATURE OF THE ACTION

5. Plaintiff brings this class action on behalf of a class of New York consumers seeking redress for Defendant's actions of using a misleading, deceptive, unfair and unconscionable means to collect a debt.

6. Defendant's actions violated § 1692 *et seq.*, of the FDCPA, which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

7. Plaintiff is seeking damages, and declaratory and injunctive relief.

## PARTIES

8. Plaintiff is a natural person and a resident of the State of New York and is a "Consumer" as defined by 15 U.S.C. §1692a(3).

9. Defendant is a collection agency with its principal office located in Houston, TX.

10. Upon information and belief, Defendant is a company that uses the mail, telephone, and facsimile, and regularly engages in business, the principal purpose of which is to attempt to collect debts alleged to be due another.

11. Defendant is a "debt collector" as defined under the FDCPA under 15 U.S.C. § 1692a(6).

## CLASS ALLEGATIONS

12. Plaintiff repeats and realleges the allegations contained in paragraphs numbered "1" through "11" herein with the same force and effect as if set forth at length herein.

13. Plaintiff brings claims, pursuant to the Fed. R. Civ. P. 23(a) and 23(b)(3), individually and on behalf of the following consumer class (the "Class").

14. The Class consists of (a) all individuals with addresses in the State of New York (b) who were sent a collection letter from Defendant, (c) attempting to collect a consumer debt owed to American Express (d) which was accruing interest and/or other fees, (e) which did not disclose that interest and/or fees were accruing (f) which was sent on or after a date one year prior to filing this action and on or before a date 21 days after filing this action.

15. The identities of all Class members are readily ascertainable from Defendant's records and those companies and entities on whose behalf they attempt to collect and/or have purchased debts.

16. Excluded from the Class are the Defendants and all officers, members, partners, managers, directors, and employees of the Defendants and their respective immediate families, and legal counsel for all parties to this action and all members of their immediate families.

17. There are questions of law and fact common to the Class, which common issues predominate over any issues involving only individual class members.  The principal issue is whether the Defendant's written communications to consumers, in the form attached as **Exhibit A**, violate 15 U.S.C. § 1692e.

3

18. The Plaintiff's claims are typical of the Class members, as all are based upon the same facts and legal theories.

19. The Plaintiff will fairly and adequately protect the interests of the Class defined in this complaint.  The Plaintiff has retained counsel with experience handling in consumer lawsuits, complex legal issues, and class actions, and neither the Plaintiff nor his attorneys have any interests, which might cause them not to vigorously pursue this action.

20. This action has been brought, and may properly be maintained, as a class action pursuant to the provisions of Fed. R. Civ. P. 23 because there is a well-defined community interest in the litigation:

   a. **Numerosity:** The Plaintiff is informed and believes, and on that basis alleges, that the Class defined above are so numerous that joinder of all members would be impractical.

   b. **Common Questions Predominate:** Common questions of law and fact exist as to all members of the Class and those questions predominate over any questions or issues involving only individual class members.   The principal issue is whether the Defendant's written communications to consumers, in the form attached as **Exhibit A**, violate 15 U.S.C. § 1692e and 1692g.

   c. **Typicality:** The Plaintiff's claims are typical of the claims of the Class members.  The Plaintiff and all members of the Class have claims arising out of the Defendant's common uniform course of conduct complained of herein.

   d. **Adequacy:** The Plaintiff will fairly and adequately protect the interests of

the Class members insofar as Plaintiff has no interest that are adverse to the absent Class members. Plaintiff is committed to vigorously litigating this matter. Plaintiff has also retained counsel with experience in handling consumer lawsuits, complex legal issues, and class actions. Neither the Plaintiff nor his counsel have any interests which might cause them not to vigorously pursue the instant class action lawsuit.

e. **Superiority:** A class action is superior to the other available means for the fair and efficient adjudication of this controversy because individual joinder of all members would be impractical. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum efficiently and without unnecessary duplication of effort and expense.

21. Certification of a class under Fed. R. Civ. P. 23(b)(3) is also appropriate in that the questions of law and fact are common to all members of the Class and predominate over any questions affecting an individual member, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

22. Depending on the outcome of further investigation and discovery, Plaintiff may, at the time of class certification motion, seek to certify a class(es) only as to particular issues pursuant to Fed. R. Civ. P. 23(c)(4).

## ALLEGATIONS OF FACT

23. Plaintiff repeats and realleges the allegations contained in paragraphs numbered "1" through "22" herein with the same force and effect as if set forth at length herein.

24. Some time prior to December 8, 2017, an obligation was allegedly incurred to American Express.

25. The American Express obligation arose out of a credit card that the Plaintiff opened to pay for personal and household expenses.

26. The alleged American Express obligation is a "debt" as defined by 15 U.S.C.§ 1692a(5).

27. American Express is a "creditor" as defined by 15 U.S.C.§ 1692a(4).

28. American Express then contracted the Defendant to collect the alleged debt.

29. Defendant contends that the American Express debt is past due.

30. Defendant is a company that uses mail, telephone or facsimile in a business the principal purpose of which is the collection of debts, or that regularly collects or attempts to collect debts incurred or alleged to have been incurred for personal, family or household purposes on behalf of creditors.

31. On or about December 8, 2017, the Defendant caused to be delivered to the Plaintiff a collection letter in an attempt to collect the alleged American Express debt. *See* **Exhibit A.**

32. The December 8, 2017 letter was sent or caused to be sent by persons employed by Defendant as a "debt collector" as defined by 15 U.S.C. §1692a(6).

33. The December 8, 2017 letter is a "communication" as defined by 15 U.S.C. §1692a(2).

34. The Plaintiff received and read the Letter sometime after December 8, 2017.

35. The Letter attached as **Exhibit A** states in relevant part:

   BALANCE DUE: $4,878.25

36. Nowhere does the Letter attached as **Exhibit A** state, inform, or otherwise disclose that the alleged BALANCE DUE: $4,878.25 listed on the Letter may increase due to interest and/or fees.

37. Interest and/or fees are in fact accruing on the Debt.

38. The Letter does not state that the holder of the debt would accept payment of the $4,878.25 amount in full satisfaction of the debt if payment is made by a specified date.

39. On January 05, 2018, plaintiff received a debt collection from a different debt collector (who is not a party to this lawsuit) attempting to collect on the same American Express debt with account number ending in 3000. *See* **Exhibit B.**

40. The January 05, 2018 letter from the different debt collector indicated that the debt had been charged-off.

41. The January 05, 2018 letter from the different debt collector informed the Plaintiff that she had a balance of $4,916.25.

42. The American Express balance increased by $38.00, from $4,878.25 to $4,916.25 due to the accrual of interest and/or other fees.

43. Plaintiff believed from reading the letter attached as **Exhibit A** that the Balance Due of $4,878.25  listed in the letter was static, and that her payment of that amount would satisfy the Debt irrespective of when the payment was remitted.

44. At all relevant times, Plaintiff was being contacted by more than one debt collector.

45. Plaintiff attempted to prioritize paying off her debts by focusing foremost on those debts with the highest interest rates.

46. However, Plaintiff was hampered from prioritizing her debts due to Defendant's dunning collection letter which did not disclose that interest and fees may accrue in the future.

47. Defendant's failure to disclose that the subject debt may accrue interest and fees materially harmed Plaintiff in her ability to properly allocate her limited funds.

48. As a result, Plaintiff was unsure which debts to prioritize, thereby damaging her in the process. As a result, Plaintiff was materially harmed by Defendant's actions.

49. By failing to disclose that the subject debt may accrue interest and fees, the Defendant caused the Plaintiff a real risk of harm.

**First Count**

**VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT**

**15 U.S.C. §1692e *et seq.***

50. Plaintiff repeats and realleges the allegations contained in paragraphs numbered "1" through "49" herein with the same force and effect as if set forth at length herein.

51. Defendant's debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692e.

52. Pursuant to 15 U.S.C. § 1692e, a debt collector may not use any false, misleading and/or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

53. The Defendant violated said section in its letter to the Plaintiff by:

    a. Using a false, deceptive, and misleading representations or means in connection with the collection of a debt;

    b. Falsely representing the amount of the alleged debt in violation of 1692e(2)(A);

    c. Making a false representation or using deceptive means to collect a debt in violation of 1692e(10).

54. In considering whether a collection notice violates Section 1692e, Courts in the Second Circuit apply the "least sophisticated consumer" standard. *Clomon v. Jackson*, 988 F.2d 1314, 1318 (2d Cir. 1993).

55. The Defendant violated §1692e(2)(A) and §1692e(10) by failing to inform Plaintiff that the Balance Due may increase due to interest and/or other charges when in fact the Debt was actually increasing due to interest and/or other charges.

56. The Defendant's Letter attached as **Exhibit A** is misleading within the meaning of 15 U.S.C §1692e because a reasonable consumer could read the Letter and be misled into believing that she could pay her debt in full by paying the "Balance Due" listed on the letter. In fact, however, because interest and/or other fees on the Debt were accruing, a consumer who paid the "Balance Due" stated on the top right portion of the Letter would not have paid the debt in full. Defendant or a subsequent debt collector (as evidenced in **Exhibit B**) could still and was in fact seeking to collect interest and/or fees that had accumulated on the Debt after the Letter was sent to Plaintiff.

57. The Second Circuit Court of Appeals has held that a collection letter like the one attached as **Exhibit A**, which seeks to collect a debt that is increasing because of interest and/or other fees, violates the FDCPA unless it notifies consumers of their account balance and discloses that the balance may increase due to interest and fees. *Avila v. Riexinger & Associates, LLC*, 2016 WL 1104776 (2d. Cir. March 22, 2016) ("Because the statement of an amount due, without notice that the amount is already increasing due to accruing interest or other charges, can mislead the least sophisticated consumer into believing that payment of the amount stated will clear her account, we hold that the FDCPA requires debt collectors, when they notify consumers of their account balance, to disclose that the balance may increase due to interest and fees. We think that requiring such disclosure best achieves the Congressional purpose of full and fair disclosure to consumers that is embodied in Section 1692e. It also protects consumers such as

plaintiffs who may hold the reasonable but mistaken belief that timely payment will satisfy their debts")

58. Like in Avila, Defendant has violated the FDCPA because the amount of Plaintiff's Debt was in fact increasing due to interest and/or other fees, and the Letter attached as **Exhibit A** does not disclose or otherwise state that the Debt may increase because of interest and/or other fees, nor does the letter use the "safe harbor" language discussed in Avila. Furthermore, the Letter does not state that the holder of the debt would accept payment of the $4,878.25 amount in full satisfaction of the debt if payment is made by a specified date. Therefore, like the letter at issue in Avila, Defendant's Letter attached as **Exhibit A** similarly violates the FDCPA for the same reasons.

59. Plaintiff has alleged a concrete harm because the FDCPA creates a substantive right under §1692e to be free from abusive debt communications and Defendant's violations of the FDCPA results in concrete harm to Plaintiff. See, *Cohen v. Rosicki, Rosicki & Associates, P.C.* 897 F.3d 75 (2d. Cir. July 23, 2018)

60. By reason thereof, Defendant is liable to Plaintiff for judgment that Defendant's conduct violated Section 1692e *et seq.* of the FDCPA, actual damages, statutory damages, costs and attorneys' fees.

## <u>PRAYER FOR RELIEF</u>

**WHEREFORE,** Plaintiff demands judgment against Defendants as follows:

(a) Declaring that this action is properly maintainable as a Class Action and certifying Plaintiff as Class representative and Cohen & Mizrahi LLP, as Class Counsel;

(b) Awarding Plaintiff and the Class statutory damages;

(c) Awarding Plaintiff costs of this Action, including reasonable attorneys'

fees and expenses;

(d)     Awarding pre-judgment interest and post-judgment interest; and

(e)     Awarding Plaintiff and the Class such other and further relief as this Court

may deem just and proper.

**COHEN & MIZRAHI LLP**

Dated:    Brooklyn, New York
          November 30, 2018

By: /s/ Daniel C. Cohen_____
Daniel C. Cohen, Esq.
Cohen & Mizrahi LLP
300 Cadman Plaza W, 12th floor
Brooklyn, New York 11201
Phone: (929) 575-4175
Fax:    (929) 575-4195
Email: dan@cml.legal
*Attorneys for Plaintiff*

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby requests a

trial by jury on all issues so triable.

*/s/ Daniel C. Cohen_____*
Daniel C. Cohen, Esq.